No. 52,936

STATE OF KANSAS, *Appellee,* v. THOMAS E. BROWN, JR., *Appellant.*

(638 P.2d 912)

Opinion filed January 15, 1982.

*G. Craig Robinson,* of Wichita, argued the cause and was on the brief for the appellant.

*Cris Senseman,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from convictions of four counts of aggravated robbery (K.S.A. 21-3427). This case arose from an armed robbery which occurred at the Whiz tavern in Wichita on January 23, 1979. Four persons were robbed at gunpoint by three black males. The only issue in the case was identity. The defendant was identified by three eyewitnesses as being one of the robbers. Following his conviction, the defendant appealed to this court.

Defendant raises two points on the appeal. The defendant first contends that the trial court erred in refusing to admit defendant's proffered evidence of another robbery which took place at a Kwik Shop in Wichita on the same evening as the robbery at the Whiz. The defendant wanted to call to the stand a clerk at the Kwik Shop to testify about the robbery and to give a description of the robber, whose physical characteristics were similar to those of the defendant, Brown. During trial, the prosecution made an oral motion in limine to bar the presentation of this evidence on the grounds that the evidence was irrelevant. The trial court sustained the State's motion. The defendant contends that this was an abuse of discretion on the part of the trial court. We find no abuse of discretion. This court has been confronted with similar evidentiary questions in two cases wherein it was held that where the State's case is built on direct evidence, circumstantial evi-

dence that someone other than the defendant committed the crimes is irrelevant in the absence of other evidence to connect such third person with the crimes. Here the State's case against the defendant was based exclusively on eyewitness identification testimony. We hold that, on the evidentiary record before us, exclusion of the proffered testimony was not an abuse of discretion. *State v. Calvert,* 211 Kan. 174, 505 P.2d 1110 (1973); *State v. Henderson,* 205 Kan. 231, 468 P.2d 136 (1970).

Defendant's second point on the appeal is that the trial court erred in refusing to give defendant's requested cautionary instruction on eyewitness identification testimony. In support of his position, the defendant relies on the recent case of *State v. Warren,* 230 Kan. 385, 635 P.2d 1236 (1981). In *Warren,* this court held that in any criminal action in which eyewitness identification is a critical part of the prosecution's case and there is a serious question about the reliability of the identification, a cautionary instruction should be given advising the jury as to the factors to be considered in weighing the credibility of the eyewitness identification testimony.

We have carefully considered the evidence contained in this case and have concluded that the trial court did not commit error in its failure to give the requested cautionary instruction on eyewitness identification. Although it is undisputed that eyewitness identification was a critical part of the prosecution's case, we fail to find that there was a serious question about the reliability of the identification. In reaching this conclusion, we have considered the following evidentiary factors: The three young black males came to the tavern at about 9:00 p.m. The robbery occurred about one hour later at 10:00 p.m., after the robbers had been in the tavern where they could be observed by the witnesses. The robbery itself took 10 to 15 minutes. All of the witnesses' descriptions of the robber were consistent with each other and with the defendant's actual description. Witness Babcock, owner of the Whiz, had met two of the robbers in the tavern the week before the robbery, including the defendant, Brown. She knew his name was "Thomas." Her testimony was that she talked to the defendant for about an hour at that time. Another witness, the bartender, also testified that she had seen the defendant when he was at the tavern one week before the robbery. One of the witnesses testified that the defendant was close enough to put a

gun near her arm and shoot it off. There was a blank in the gun, however, so she was not hurt. She testified that she was able to identify the defendant as the robber as she remembered his face. The witnesses also identified the defendant at a photographic display two weeks after the robbery. There was no evidence that this photographic identification was in any way unduly suggestive. It is important to note that, although the defendant's defense was alibi, his witnesses testified in a vague manner that they thought defendant had been in California in January, 1979, and that he had returned to Wichita some time during the last week of January, 1979. Not a single witness testified as to being with defendant on the evening of January 23, 1979. The defendant, himself, did not testify as to his whereabouts on that evening. The facts in this case are thus substantially different from those in *State v. Warren.* In *Warren,* the robbery from beginning to end took less than one and one-half minutes. The identification of the defendant by the victim owner was made four and one-half months after the robbery under highly questionable circumstances. Furthermore, his identification contained contradictions and inconsistencies. Suffice it to say, in *Warren* the defendant's evidence raised a serious question about the reliability of the identification testimony. In this case, we simply hold that, on the basis of the evidentiary record, we do not find a serious question about the reliability of the eyewitness identification and, therefore, the trial court did not err in its failure to give a cautionary instruction on that subject.

The judgment of the district court is affirmed.