No. 86,554

STATE OF KANSAS, *Appellee*, v. LARRY G. EVANS, *Appellant*.

62 P.3d 220

Review of the judgment of the Court of Appeals in an unpublished decision filed July 12, 2002. Opinion filed January 24, 2003.

*Rebecca E. Woodman*, assistant appellate defender, argued the cause, and *Kathryn B. Wall*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, were with her on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This case comes before the court on a petition for review. Defendant Larry G. Evans claims that (1) the Court of Appeals, in affirming his conviction for voluntary manslaughter, erred in determining that an alleged erroneous exclusion of evidence was not properly preserved for appeal; (2) the trial court erred in excluding evidence supporting his theory of defense; and (3) the Kansas third-party evidence rule is unconstitutional.

Michael Prince, the victim, arrived at a house in Wichita just shortly after Larry Evans, Andrew Reed, and Majeeda Williams. Although accounts as to what occurred differed, the majority of the witnesses stated that while Prince was talking with Evans and Reed, the three began to argue. During the argument, Prince sprayed Evans and Reed with mace. Seconds later, a single shot

was fired. Prince was fatally wounded in the neck just outside the doorway to the house.

In mid-December 1999, nearly a month after the shooting, Prince's body was discovered by hunters. Following an investigation, Evans was charged with the first-degree murder of Prince. On June 16, 2000, the State filed a pretrial motion in limine to exclude the defense from offering circumstantial evidence that another person had shot Prince. The motion was argued at a hearing held on that same day.

In support of its motion in limine, the State argued that because it was presenting direct evidence that Evans was the shooter, Evans was prevented from presenting uncorroborated circumstantial evidence of witnesses that disputed the State's direct evidence. The State asserted that it had two eyewitnesses who observed Evans shoot Prince. The State hypothesized that the defense would attempt to put forth evidence of other witnesses who saw Reed with the gun immediately after the fatal shot was fired but who had not observed Reed shoot Prince with the gun. The State contended that circumstantial evidence that another had committed the murder was inadmissible absent corroborating evidence, stating that Evans had corroborating evidence if that evidence was not excluded as hearsay. The hearsay evidence the State was referring to was the testimony of a defense witness who would testify that after the shooting Reed admitted that he shot Prince and that he dumped Prince's body in the woods.

Defense counsel argued against the motion in limine, asserting that the circumstantial evidence the State sought to exclude was proper evidence for the jury to consider and stating:

"There will be testimony [by the witnesses] that immediately after the shot was heard, [Reed] was in possession of a firearm, had in his hand a firearm, and these same witnesses will testify that they did not see my client with a firearm.

"There will be other witnesses that will relate that the confrontation, the discussion, whatever, that occurred between three people, my client, Mr. Reed, and the victim, they'll confirm that. Mr. Reed will deny being involved in anything."

Defense counsel pointed out that the testimony of these witnesses was corroborated by Reed's later admission to others that he (Reed) was the shooter. Defense counsel then asserted that the

veracity and reliability of the State's eyewitnesses was questionable, stating that there were witnesses who would testify that it was not possible for the State's two witnesses to have seen Evans shoot Prince because one of the State's witnesses was not present when the shooting occurred and the other witness was asleep. In response to the trial judge's question, however, defense counsel was unable to confirm whether there would be a defense witness to testify that he or she actually saw Reed pull the trigger. The trial judge reserved ruling on the State's motion in limine.

On the first day of trial, the trial judge noted that he had reserved ruling on the State's motion in limine and that the judge and the attorneys had previously had an off-the-record discussion of the matter. The judge stated:

"[THE COURT:] The Court advised the parties that it was sustaining the motion. It's sustaining the motion conditioned upon the State producing testimony that this defendant was observed shooting at the victim. Is that clear?

"MR. JENNINGS [Prosecuting Attorney]: Yes, Your Honor. It's clear to me.

"MR. TOUSLEY [Defense counsel]: Yes, Your Honor.

"THE COURT: All right. Any questions about that?

"MR. JENNINGS: No, sir.

"THE COURT: Mr. Tousley?

"MR. TOUSLEY: No. I think we—from what we talked about, I understand it—

"THE COURT: All right."

At trial, Evans testified that Prince sprayed mace on both Evans and Reed. He testified that seconds later, while trying to recover from being maced, he heard a shot. When Evans looked up, he saw Reed pulling a gun down to his side. Thomas Wilson testified that Reed later admitted to him and to others that he had shot Prince and had dumped his body. The State's rebuttal witnesses denied hearing Reed make such an admission.

After a 4-day jury trial, Evans was convicted of voluntary manslaughter and sentenced to a term of 92 months' imprisonment. Evans appealed, claiming that the trial judge erred in excluding circumstantial evidence that a third party had committed the murder and that the Kansas third-party evidence rule was unconstitutional.

The Court of Appeals upheld Evans' conviction in an unpublished decision, *State v. Evans*, Case No. 86,554, filed July 12, 2002. The court held that Evans' counsel had failed to sufficiently proffer and properly preserve for appeal the issue of whether the trial court's exclusion of circumstantial evidence that another had killed the victim was erroneous and suggested that Evans file a K.S.A. 60-1507 motion.

In his petition for review, Evans contends that the proffer to the district court was sufficient to preserve the issue for appeal. This court granted Evans' petition for review pursuant to K.S.A. 20-3018(b).

## Was the Proffer Sufficient?

We note that a verdict or finding shall not be set aside nor shall the judgment or decision based thereon be reversed by reason of the erroneous exclusion of evidence unless it appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by a method approved by the judge or indicated the substance of the expected evidence by questions indicating the desired answers. See K.S.A. 60-405.

When a motion in limine has been granted, the party being limited by the motion has the responsibility of proffering sufficient evidence to the trial court in order to preserve the issue for appeal. *State v. Beard*, 273 Kan. 789, Syl. ¶ 7, 46 P.3d 1185 (2002); *Brunett v. Albrecht*, 248 Kan. 634, 640, 810 P.2d 276 (1991). The purpose of a proffer is to make an adequate record of the evidence to be introduced. See *Carrick v. McFadden*, 216 Kan. 683, 688, 533 P.2d 1249 (1975); see also *State v. Deal*, 271 Kan. 483, 490, 23 P.3d 840 (2001) (purpose of making a proffer is to allow trial court to make evidentiary decision based on substance of testimony).

The proponent of excluded evidence has the duty of making known the "substance" of the expected evidence in a proffer. *State v. Gibbons*, 256 Kan. 951, 959, 889 P.2d 772 (1995). A formal offer of proof in question and answer form is not required if an adequate record is made in a manner that discloses the evidence sought to be introduced. *Carrick*, 216 Kan. 683, Syl. ¶ 3. See *State v. Mays*, 254 Kan. 479, 486, 866 P.2d 1037 (1994) (no formal proffer made

on each piece of excluded evidence being challenged; however, court through sidebar conferences and statement of defendant was aware of information to be elicited and reasons why information was important to defense); *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766, 770, 667 P.2d 289 (1983) (no formal proffer was made; however, argument on motion in limine and in-court dialogue fully set out appellant's position). Failure to make a proffer of excluded evidence precludes appellate review because there is no basis to consider whether the trial court abused its discretion. See *Deal*, 271 Kan. at 490; *Lumley v. State*, 29 Kan. App. 2d 911, 34 P.3d 467 (2001), *rev. denied* 273 Kan. 1036 (2002).

The Court of Appeals concluded that the proffer of the excluded evidence in this case was not sufficient and stated:

"At the time the [State's] original motion [in limine] was heard, the trial court asked defendant's counsel if he was going to be able to present testimony other than circumstantial evidence that witnesses saw Reed with a weapon. Defense counsel advised the trial court that he would have to consult with his client to see whether such evidence was available. At this point, the trial court reserved ruling on the motion until further argument.

"During the trial, and for reasons of which we are not aware, the trial court noted it held a further discussion regarding the motion in limine off the record. We have no idea what took place at that discussion. However, after the discussion, the court noted it was sustaining the State's motion conditioned upon the State producing direct testimony that defendant was observed shooting Prince. The trial court inquired of defense counsel if he understood the ruling, and counsel stated that he did understand it and had no questions. The record reveals no objection from defense counsel, nor does it show a proper proffer of the evidence. We conclude that for those reasons, this issue has not been properly preserved for appeal.

"It appears to us that although the State did present direct evidence that defendant shot Prince, there was other evidence linking Reed to the crime. There was testimony by one witness that Reed was observed with a weapon in his hand; there was testimony by another witness that Reed had admitted to the killing. It appears to us the defense had more than circumstantial evidence, and perhaps should have been permitted to introduce this evidence.

"In any event we hold the issue was not properly preserved for appeal, and the record is inadequate to permit us to sustain defendant's position. At trial, defense counsel failed to object to the trial court's ruling on the motion in limine on the record and did not make a proffer of the evidence he wished to present. We have not been given a proper basis on which we can determine the trial court abused its discretion. The appellant has the burden to include a record sufficient to es-

tablish the claimed error. Error at the trial court level is never assumed but must be made to affirmatively appear. *State v. Lumley*, 25 Kan. App. 2d 366, 371, 963 P.2d 1238 [1998], *aff'd* 267 Kan. 4, 977 P.2d 914 [1999]."

Evans asserts the Court of Appeals was incorrect in reaching its decision. He notes in his petition for review that the record shows that the State was well aware of the evidence in this case when it filed its motion in limine claiming that Evans would introduce testimony of witnesses who saw Reed holding the gun immediately after the shot was fired. Evans' attorney further pointed out at the hearing that the defense had a witness who would also testify that Reed later admitted to killing Prince. The trial court was further made aware of the testimony of these witnesses through the State's argument in favor of its motion in limine and defense counsel's argument opposing the State's motion.

After careful review, we find that an adequate record exists for an appellate court to review whether the trial court abused its discretion in excluding the evidence. The substance of the evidence Evans sought to introduce at trial was sufficiently set forth before the trial court. Furthermore, because an adequate proffer was made, defense counsel's failure to object at trial to the exclusion of the evidence was not necessary to preserve the issue for appeal.

We conclude that the Court of Appeals erred in affirming the trial court on the basis that Evans did not properly preserve the issue for appeal. Therefore, we address the merits of Evans' contention that the suppression of the evidence was erroneous.

## Exclusion of Evidence

Evans contends that the trial court erred in excluding substantial circumstantial evidence that connected Reed to the shooting—evidence that Reed was seen holding the gun immediately after the fatal shot was fired. Evans asserts that this evidence was relevant and probative and that it tended to prove that Reed was the killer. Evans claims that the trial court's exclusion of this evidence denied him of his Fourteenth Amendment right pursuant to the Due Process Clause to present a defense and of his Sixth Amendment right to call witnesses whose testimony is material and favorable to his defense.

K.S.A. 60-261 provides that no error in either the admission or the exclusion of evidence is a ground for granting a new trial or for setting aside a verdict unless refusal to take such action appears to be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. *State v. Leitner*, 272 Kan. 398, Syl. ¶ 7, 34 P.3d 42 (2001); *State v. Morris*, 255 Kan. 964, Syl. ¶ 6, 880 P.2d 1244 (1994).

Errors in violation of a constitutional right of a party are governed by the federal constitutional error rule. *State v. Lyons*, 266 Kan. 591, 598, 973 P.2d 794 (1999). Under the federal constitutional error rule, an error of constitutional magnitude is serious and may not be found harmless unless the appellate court is willing to declare a belief that it was harmless beyond a reasonable doubt. Before the court may declare the error harmless, it must be able to declare beyond a reasonable doubt that the error had little, if any, likelihood of having changed the result of the trial. *Leitner*, 272 Kan. 398, Syl. ¶ 8; *State v. Clark*, 261 Kan. 460, 469, 931 P.2d 664 (1997); *State v. McClanahan*, 259 Kan. 86, Syl. ¶ 4, 910 P.2d 193 (1996).

This court has previously recognized that under the state and federal Constitutions a defendant is entitled to present the theory of his or her defense and that the exclusion of evidence that is an *integral* part of that theory violates a defendant's fundamental right to a fair trial. *Mays*, 254 Kan. at 486 (quoting *State v. Bradley*, 223 Kan. 710, Syl. ¶ 2, 576 P.2d 647 [1978]); *State v. Gonzales*, 245 Kan. 691, 699, 783 P.2d 1239 (1989). " 'Few rights are more fundamental than that of an accused to present witnesses in his own defense.' " *Gonzales*, 245 Kan. at 699 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 93 S. Ct. 1038 [1973]). The right to present a defense is, however, subject to statutory rules and case law interpretation of rules of evidence and procedure. *State v. Bedford*, 269 Kan. 315, 319, 7 P.3d 224 (2000); *State v. Davis*, 256 Kan. 1, 11, 883 P.2d 735 (1994); *Bradley*, 223 Kan. at 714.

This court has repeatedly recognized that when the State relies upon direct evidence in a criminal case, circumstantial evidence

that someone other than the defendant had a motive to commit the crime charged is irrelevant in the absence of other evidence to connect the third party to the crime. *State v. Hooker,* 271 Kan. 52, 65, 21 P.3d 964 (2001); *Bedford,* 269 Kan. 315, Syl. ¶ 1; *State v. Bornholdt,* 261 Kan. 644, Syl. ¶ 19, 932 P.2d 964 (1997); *State v. Brown,* 230 Kan. 499, 499-500, 638 P.2d 912 (1982). The trial court erroneously relied upon this rule in excluding the evidence that witnesses had seen Reed holding a gun immediately after the fatal shot was fired.

Application of the third-party evidence rule was most recently discussed by this court in *Hooker,* 271 Kan. 52. In *Hooker,* the defendant was convicted of first-degree felony murder, aggravated burglary, and criminal possession of a firearm. The trial court precluded the defendant from presenting evidence that the victim had previously been threatened by two other individuals. The State had eyewitnesses who identified the defendant as having committed the crimes. Hooker's defense was that someone else had a motive to kill the victim. Hooker attempted to prove this defense by introducing evidence that two other individuals had a motive to kill the victim. Prior to trial, the State filed a motion in limine to prevent the defendant from eliciting a defense that another suspect had murdered the victim based only upon innuendo, conjecture, speculation, or hearsay statements of others. The district court granted the State's motion, noting that if the defense had facts or evidence that another person was actually involved in the homicide, the defendant would be allowed to present that information to the jury.

The *Hooker* court noted that it had considered similar " 'someone else did it' " claims in the past and restated the rule that "[c]ircumstantial evidence that someone other than the defendant committed the crime is irrelevant in the absence of other evidence to connect that other person with the crime charged." 271 Kan. at 64-65. The *Hooker* court concluded that the trial court did not abuse its discretion in excluding evidence of threats upon the victim because the defendant failed to present evidence that the two people who allegedly made threats against the victim were in any manner *involved* in the victim's death. 271 Kan. at 65-66.

Early Kansas cases applying the third-party evidence rule involved instances in which the defendant's evidence establishing the motive of another was excluded when the State had direct evidence linking the defendant to the crime and the defendant had no evidence to connect the third person to the crime. See *State v. Neff*, 169 Kan. 116, 123, 218 P.2d 248, *cert. denied* 340 U.S. 866 (1950) (defendant was denied opportunity to present evidence that others had same motive to commit crimes when State's case was based on confession; court applied third-party evidence rule and noted that excluded testimony would only confuse jury, permitting it to "indulge in speculations on collateral matters devoid of probative value relative to who committed the murder" and diverting its attention from the main issue).

The rule has also been applied in cases in which a third party was alleged by the defendant to have committed the crime based upon his or her physical resemblance or characteristics. See *Brown*, 230 Kan. 499 (where State's case to prove aggravated robbery was based on direct evidence in form of eyewitness identification testimony, district court did not abuse its discretion in excluding testimony offered by defendant of a clerk involved in another robbery that same night describing a robber with physical characteristics similar to defendant); *State v. Calvert*, 211 Kan. 174, 505 P.2d 1110 (1973) (defendant was prohibited from introducing into evidence "mug shots" of third party who he claimed was involved in robberies for which he was charged when State's case was almost entirely direct evidence in form of in-court identification of defendant by 5 witnesses and there was no other evidence that in any way connected third party to the crimes).

However, in all the cases in which the rule has been applied, the State had direct evidence establishing the defendant's guilt and the excluded defendant's evidence would have established nothing more than mere speculation and conjecture to connect the third party to the crime. None of the cases discussed and cited previously involved the type of evidence Evans sought to admit in this case— evidence of a third party linked to the scene of the crime by witness testimony and said to be holding the murder weapon immediately

after the fatal shot was fired. Application of the third-party evidence rule would not exclude this evidence.

The State had argued to the trial court that because the State had eyewitness testimony that Evans fired the shot that killed Prince, the defense was prevented from introducing circumstantial evidence that Reed had possession of the gun immediately after the shot was fired. "Circumstantial evidence tends to prove a fact in issue by proving other events or circumstances which afford a basis for reasonable inference by the jury of the occurrence of the fact in issue." *State v. Hamons*, 248 Kan. 51, 60, 805 P.2d 6 (1991) (citing *Casey v. Phillips Pipeline Co.*, 199 Kan. 538, 550, 431 P.2d 518 [1967]). Direct evidence, however, is "[e]vidence in form of testimony from a witness who actually saw, heard or touched the subject of questioning. [Citation omitted.] Evidence, which if believed, proves existence of fact in issue without inference or presumption. [Citation omitted.]" Black's Law Dictionary 460 (6th ed. 1990).

This court has recognized that there is no distinction between direct and circumstantial evidence in terms of probative value. See *Beard*, 273 Kan. 789, Syl. ¶ 5; *State v. Scott*, 271 Kan. 103, 107, 21 P.3d 516, *cert. denied* 534 U.S. 1037 (2001); *State v. Juiliano*, 268 Kan. 89, 97, 991 P.2d 408 (1999). Additionally, it must be noted that this court has stated that a conviction for even the gravest offense may be sustained on circumstantial evidence. *State v. Sanders*, 272 Kan. 445, Syl. ¶ 5, 33 P.3d 596 (2001), *cert. denied* 536 U.S. 963 (2002); *Clemons*, 251 Kan. 473, 488, 836 P.2d 1147 (1992). Circumstantial evidence that would be admissible and support a conviction if introduced by the State cannot be excluded by a court when offered by the defendant to prove his or her defense that another killed the victim.

Evans' defense was that Reed shot Prince. The trial court admitted into evidence testimony that Reed admitted to shooting Prince and dumping his body. Evans testified that he did not shoot Prince and that he saw Reed holding a gun and pulling it down to his side immediately after he heard the shot. Other witnesses at the crime scene were not allowed to testify. Evans contends that

without the proffered evidence of witnesses who would have testified that Reed held the gun immediately after the fatal shot was fired, the jury was left with the false impression that Evans was the only person at the scene whose testimony pointed to Reed as the killer. We agree.

The trial court's exclusion of the proffered evidence was inconsistent with substantial justice and infringed upon Evans' substantial rights. The evidence Evans sought to present in this case was more than just that someone other than the defendant may have committed the crime. There was evidence that linked Reed to the commission of the crime—witnesses saw Reed holding the gun immediately after the shot was fired—and evidence that Reed subsequently admitted to shooting Prince and dumping his body. Under these circumstances, it was erroneous for the trial court to have excluded Evans from presenting the proffered circumstantial evidence. We do not find the erroneous exclusion of the evidence to be harmless error; therefore, we reverse and remand for a new trial. Furthermore, as a result of this ruling, we need not address Evans' additional claim that the third-party evidence rule is unconstitutional.

Reversed and remanded for a new trial.