NOT DESIGNATED FOR PUBLICATION

No. 127,956

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CBC DERBY, LLC,
*Appellee,*

v.

ROCK REGIONAL HOSPITAL, LLC,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN TERNES, judge. Submitted without oral argument. Opinion filed January 9, 2026. Affirmed.

*Will B. Wohlford*, of Morris Laing Law Firm, of Wichita, for appellant.

*Jason L. Bush*, *Brendan McPherson*, of Polsinelli PC, of Kansas City, Missouri, and *Britton L. St. Onge*, pro hac vice, of the same firm, of St. Louis, Missouri, for appellee.

Before GARDNER, P.J., HILL and JOAN LOWDON, District Judge, assigned.

PER CURIAM:  Rock Regional Hospital, LLC (RRH), appeals the district court's judgment after a bench trial that granted CBC Derby, LLC (CBC), over $15 million in unpaid rent and related interest and fees, and RRH's eviction from the hospital facility. The sole claim on appeal is that the district court erroneously excluded evidence from trial. RRH challenges the district court's exclusion of its financial documents and testimony about matters material to its defenses and counterclaims. But because we lack the information we need to fairly review RRH's claims of evidentiary error, we affirm without reaching the merits of those claims.

1

FACTS

Although most facts are not determinative of this appeal, we set out some facts to frame the evidentiary issue on appeal. CBC purchased and developed a property in Derby, then entered into a build-to-suit lease agreement with RRH to construct and operate a hospital. Under the lease, CBC was the owner and landlord. RRH became operational in 2019, but shortly after it opened the COVID-19 pandemic struck, causing RRH financial hardship and other problems. In April 2019, the parties amended the lease to permit a sale of some land within the hospital's campus boundaries, and to reduce RRH's rent.

In April 2022, the parties agreed to a "Second Amendment." CBC's primary motivation for this new agreement was to get RRH to pay its rent, which it had largely failed to do. In exchange for RRH's payment of rent, CBC agreed to forgive RRH over $6 million in past due rent, and to reduce RRH's rent by nearly half. But the Second Amendment states that it would take effect after two conditions precedent were met, including that RRH has received an "irrevocable infusion" of $13 million, which shall be used to "recapitalize" RRH.

After more months of missed payments, CBC demanded that RRH get current on the rent owed. When RRH did not comply, CBC demanded a surrender of the property no later than March 17, 2023. RRH did not surrender, so CBC demanded that RRH vacate the property, but RRH refused that too. In March 2023, CBC initiated this suit by filing a Chapter 61 petition for rent and eviction. RRH counterclaimed and successfully moved the district court to transfer this case to a Chapter 60 action.

In May 2023, CBC served RRH with requests for production of documents, including comprehensive financial statements and other documents related to RRH's defenses and counterclaims. CBC supplemented those requests for documents in July and

August 2023. But RRH did not produce any documents until the week before trial, when it produced some financial documents during the depositions of RRH board members, Clem Borkowski and Tim Hand.

CBC did not move to compel the production of documents. Instead, perhaps because trial was a week away, CBC moved the court to exclude three categories of documents: (1) any documents requested but not produced in discovery; (2) RRH's "June 2023 capitalization document," and (3) all evidence of damages that RRH allegedly sustained in relation to its counterclaims.

The district court heard the matter right before trial. After arguments, the district court granted the motion to exclude those documents. At the end of the hearing, RRH's counsel asked whether he could still present testimony about RRH's damages, and the court clarified that he could:

> "THE COURT: Mr. Wohlford, any follow-up questions? . . .
> "[COUNSEL]: With respect to the issue of damages, is my client able to provide evidence or testimony about the damages other than the documents that you are excluding? I mean, is that something—
> "THE COURT: That would be yes, that is my understanding—
> "[COUNSEL]: Okay.
> "THE COURT: —that my rulings relate to the documents themselves. I would expect them to discuss those damages.
> "[COUNSEL]: Okay. That's fine.

The pretrial exclusion thus was solely of documents, not of testimony related to damages.

A three-day bench trial then began. CBC sought RRH's eviction and past due rent. RRH raised several affirmative defenses and these counterclaims: breach of contract, estoppel, and breach of duty of good faith and fair dealing. Disputed facts at trial

included: (1) whether CBC ever excused RRH's rent obligations or authorized RRH to breach the lease; and (2) whether the Second Amendment was in effect and controlled the amount that RRH owed in unpaid rent and related fees.

The district court found in favor of CBC and granted its claims for eviction and unpaid rent. The district court found CBC never excused RRH's rent obligations and it denied RRH's defenses and counterclaims. The district court also determined that the First Amendment rather than the Second Amendment to the lease controlled the amount that RRH owed in unpaid rent and other expenses, which, calculated under the First Amendment, amounted to $15,178,843.35.

RRH moved for a new trial, arguing the district court improperly excluded its financial documents as well as testimony about damages and the interpretation of the Second Amendment. RRH wanted to present testimony that the "irrevocable infusion" capital raise requirement under the Second Amendment included debt. The district court denied the motion as meritless and found no proffer or other evidence in the record which could allow a review of the excluded evidence.

RRH timely appeals.

ANALYSIS

*Did the District Court Err by Excluding RRH's Evidence at Trial?*

RRH challenges the district court's evidentiary rulings made at trial. RRH does not separately challenge the district court's pretrial exclusion of evidence and tacitly concedes that it failed to timely produce some financial documents. Although some of the court's evidentiary rulings allegedly flowed from the district court's pretrial ruling excluding documents, some may not have. And although the district court's pretrial ruling was

4

limited to the exclusion of documents, RRH contends that the district court excluded testimony at trial on information or topics related to those documents, which prevented it from establishing its defenses and counterclaims.

This case is unusual because when the parties filed their briefs on appeal, no transcript of the trial had been completed, due to no fault of any party. Thus when RRH filed its appellate brief and CBC responded that RRH's brief failed to cite to the record and had other procedural defects, no trial transcript was available. Yet the trial transcript was filed in the district court within three days after CBC filed its brief, which pointed out serious deficiencies in RRH's brief. RRH could have timely amended its brief or cited the trial record by filing a reply brief. See Supreme Court Rule 6.01(b)(5) (2025 Kan. S. Ct. R. at 35) (permitting reply brief to be filed within 14 days after service of brief to which reply is made). Yet it did not do so. RRH thus wasted its opportunity to cure the procedural deficiencies in its brief so this court could see which evidence RRH offered at trial, which objections were made, and what the district court's ruling and rationale was for excluding that evidence.

Several significant procedural errors were made. RRH's brief fails to provide a pinpoint reference to the location in the record on appeal where the evidentiary issues were raised and ruled on, as is required by Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36). RRH alleges facts without including citations to support them. RRH alleges that the district court excluded many financial documents, yet it identifies only one: "Rock Regional Capitalization: Equity current as of 6/30/2023." The parties agree that this document was produced during the deposition of defendant's witnesses Borkowski and Hand, the week before trial. Yet RRH does not show us where in the record the document was offered, or what objection was sustained to its admission. Although we assume the court excluded this document to be consistent with its pretrial ruling, we cannot overturn an evidentiary ruling based on an assumption.

5

And although the district court's pretrial ruling related solely to documents and the court expressly clarified that RRH could offer testimony about its damages, RRH claims that the district erred by excluding testimony related to the excluded documents. But we cannot tell which testimony RRH contemplates or why the court excluded it. RRH paints with too broad a brush.

The effect of not citing to the record here is severe because the only issue RRH raises on appeal is that the district court abused its discretion by excluding evidence at trial. We have reviewed the pretrial motions and the related ruling of the district court excluding evidence that RRH points us to, yet the order speaks categorically and does not specify which documents are excluded except for RRH's "June 2023 capitalization document." And because RRH fails to cite to the trial transcript we have no firm basis to review its evidentiary challenges.

Relatedly, CBC also asserts that RRH failed to make a proffer of the evidence it claims the district court improperly excluded. A proffer is generally necessary to put this court in a position to review the exclusion and would have helped us greatly here. See K.S.A. 60-405. K.S.A. 60-405 "means that the 'party being limited by the exclusion of evidence has the responsibility of proffering sufficient evidence to the trial court in order to preserve the issue on appeal.' *Hudgins*, 301 Kan. at 651." *State v. Cherry*, 320 Kan. 784, 796-97, 571 P.3d 976 (2025) (finding counsel did not make adequate proffer to preserve issue for appellate review). "Failure to make a proffer of excluded evidence precludes appellate review because there is no basis to consider whether the trial court abused its discretion. *State v. Evans*, 275 Kan. 95, 99-00, 62 P.3d 220 (2003)." *State v. Hudgins*, 301 Kan. 629, 651, 346 P.3d 1062 (2015).

When the district court granted CBC's pretrial motion to exclude some of RRH's documents, RRH did not proffer to the court the evidence it wished to admit. So RRH's

financial or other documents relating to its damages, which it claims should have been admitted, were not provided to the district court pretrial.

Nor does RRH show that it made such a proffer during trial—it does not cite the trial transcript. And the district court found no evidence of a proffer of evidence when it reviewed the record in addressing RRH's motion for a new trial. Although an exception to the proffer rule applies when the record allows us to adequately review the evidence, the lack of specific citations to the record here does not permit us to apply that exception. See *In re Acquisition of Property by Eminent Domain*, 299 Kan. 37, 42, 320 P.3d 955 (2014).

Nor do other preservation exceptions apply. The Kansas Supreme Court has emphasized that the contemporaneous objection rule in K.S.A. 60-404 is to be strictly enforced. *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009) ("From today forward, in accordance with the plain language of K.S.A. 60-404, evidentiary claims . . . must be preserved by way of a contemporaneous objection for those claims to be reviewed on appeal."). And the Kansas Supreme Court has rejected the argument that even if a party failed to preserve claims for appeal, this court should grant review because it would serve the ends of justice or prevent the denial of a fundamental right. Thus, the exceptions allowing an appellate court to address an issue for the first time on appeal do not apply to evidentiary claims subject to the contemporaneous objection rule under K.S.A. 60-404. *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010).

We believe that the Kansas Supreme Court would apply the same strict enforcement to the proffer rule, because K.S.A. 60-405 (improper exclusion of evidence) is the procedural and substantive corollary to K.S.A. 60-404 (improper admission of evidence). K.S.A. 60-405 states:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision
> based thereon be reversed, by reason of the erroneous exclusion of evidence unless it

7

appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by a method approved by the judge, or indicated the substance of the expected evidence by questions indicating the desired answers."

Similarly, K.S.A. 60-404 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

The practical reason for both statutory rules is the same—to enable the district court to fairly and intelligently review the substance of the evidence being offered, to permit the parties to make a record about admission or exclusion of the evidence, and to provide a basis for an appellate court to fairly consider whether the trial court abused its discretion. Because RRH fails to show that it proffered the substance of the evidence it offered so that we can review its merits, we cannot reverse the district court's decision. See *State v. Carr*, 314 Kan. 615, 674-75, 502 P.3d 546 (2022); *Hudgins*, 301 Kan. at 651; *State v. Swint*, No. 107,516, 2013 WL 6839354, at *5-6 (2013) (Kan. App. 2013), *aff'd* 302 Kan. 326, 352 P.3d 1014 (2015).

The motion for new trial suffered from a similar procedural failing. When, as here, the reason for such a motion is error in excluding evidence, K.S.A. 60-259(g) requires the movant to present by affidavit or declaration under penalty of perjury the evidence it sought to admit:

"*Production of evidence.* In a case in which a reason for the motion is error in the exclusion of evidence, lack of reasonable opportunity to present evidence or newly discovered evidence, the evidence must be presented at the hearing by affidavit or by declaration pursuant to K.S.A. 53-601, and amendments thereto, or, when authorized by

the court, by deposition or oral testimony and the opposing party may respond in like manner." K.S.A. 2024 Supp. 60-259(g).

As the district court found, RRH failed to present the excluded evidence to the trial court in a form that would enable that court to intelligently rule on its admissibility. RRH needed to support its motion for a new trial by affidavit, deposition, or testimony of the witness, yet it did not do so.

Because RRH has failed to show the trial record of the district court's exclusions of evidence, and that the evidence it sought to admit was in a proffer, or in an affidavit, deposition, or testimony of the witness presented at the hearing on a motion for new trial, we have no way to intelligently decide whether the district court erred by excluding it. As a result, RRH has failed to preserve the sole evidentiary issue briefed on appeal.

Affirmed.