NOT DESIGNATED FOR PUBLICATION

No. 116,442

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID WILLIAM ROSS SUMMERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 13, 2017. Vacated in part and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: David William Ross Summers appeals from that part of his criminal sentence in which the district court ordered him to reimburse the Board of Indigents' Defense Service (BIDS) for his attorney fees and to reimburse the travel expenses of one of the State's witnesses. On appeal, Summers contends that the district court erred by ordering him to reimburse BIDS attorney fees because the district court did not make the appropriate findings on the record. He also contends that the district court erred in ordering him to reimburse the Saline County Attorney for witness travel fees as part of restitution. For the reasons set forth in this opinion, we vacate that portion of journal

1

entry of sentencing relating to the reimbursement of BIDS attorney fees and relating to the reimbursement of witness travel expenses to the Saline County Attorney. We remand both these issues to the district court for reconsideration consistent with this opinion.

FACTS

On April 21, 2015, the State charged Summers with 13 counts. In particular, Summers was charged with two counts of attempted second-degree murder, three counts of aggravated battery, three counts of criminal threat, one count of aggravated kidnapping, one count of rape, one count of aggravated assault, one count of domestic battery, and one count of criminal damage to property less than $1,000. Prior to trial, Summers entered into a plea agreement in which he agreed to plead guilty to one count of attempted second-degree murder, two counts of aggravated battery, one count of criminal threat, and one count of domestic battery in exchange for the State dismissing the remaining charges. The parties further agreed that the sentences on all of the counts—expect for the domestic battery count—should run consecutive to one another.

The district court accepted Summers' plea and found him guilty of the amended charges. At the sentencing hearing, the district court heard testimony from several witnesses—including Summers—and heard arguments from counsel on Summers' motion for dispositional and/or durational departure. Ultimately, the district court denied the departure motion due to the violent nature of the crimes. The district court then sentenced Summers to 138 months in prison, with 36 months of postrelease supervision. The district court ordered Summers to pay restitution in the amount of $794.85. In addition, the district court ordered Summers to pay the $100 BIDS application fee and to reimburse BIDS for his attorney fees in the amount of $1,085.

ANALYSIS

Summers limits his appeal to two issues. First, he contends that the district court erred by ordering him to pay $1,085 in BIDS attorney fees. Second, he contends that the district court illegally sentenced him to pay $169.85 in restitution to the Saline County Attorney's Office. Summers does not appeal from his conviction nor does he appeal from the remaining portion of the sentencing journal entry.

*Reimbursement of BIDS Attorney Fees*

Generally, a defendant is required to reimburse BIDS for legal representation in a criminal case resulting in a conviction. K.S.A. 22-4513. However, K.S.A. 22-4513(b) states that "[i]n determining the amount and method of payment of [BIDS fees], the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." In *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006), the Kansas Supreme Court interpreted K.S.A. 22-4513(b) to mean that "[a] sentencing court assessing fees to reimburse [BIDS] . . . must consider on the record at the time of assessment the financial resources of the defendant *and* the nature of the burden that payment of the fees will impose." (Emphasis added.) Specifically, the sentencing court must state "on the record *how those factors have been weighed* in the court's decision." (Emphasis added.) 281 Kan. at 546.

A review of the record in this case reveals that the district court did inquire of Summers regarding his financial resources. The district court also stated on the record the factors that she had taken into consideration in ordering the reimbursement of the BIDS attorney fees. These factors included "the defendant's financial resources, his family size, his educational level, and his ability to work." Unfortunately, the district court did not articulate how those factors weighed into its decision. Likewise, the district court did not discuss the "burden that payment of the fees will impose" on Summers.

3

Accordingly, we find that the district court failed to comply with the requirements of K.S.A. 22-4513(b). As such, we vacate that portion of the sentencing journal entry ordering reimbursement of BIDS attorney fees. Furthermore, we remand this case with directions to reconsider the imposition of BIDS attorney fees by making explicit findings consistent with the statute as interpreted by *Robinson.*

*Restitution to Saline County Attorney*

As part of its order of restitution, the district court required Summers to pay $169.85 to the Saline County Attorney for travel expenses advanced to the victim. Summers not only advised the district court that he had no objection to paying the amount requested, his attorney indicated that he had researched the issue and found the reimbursement to be "statutory." On the other hand, the State admits in its brief that it "mistakenly" referred to its request for reimbursement as restitution when it actually should have been part of the request for costs under K.S.A. 2016 Supp. 28-172a(d).

On appeal, Summers construes the issue to be one involving an illegal sentence. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Furthermore, as a challenge to an illegal sentence can be brought at any time, Summers can raise this for the first time on appeal under K.S.A. 22-3504(1). See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

We agree that the district court did not have the authority to require Summers to reimburse the State for the advancement of witness travel expenses as part of the order of restitution. Accordingly, we vacate that portion of the sentencing journal entry ordering Summers to pay $169.85 to the Saline County Attorney to reimburse travel expenses advanced to the victim as part of restitution. Finally, we remand the issue of whether the advancement of travel expenses to the victim should be assessed as costs under K.S.A.

4

22-3801(a) and K.S.A. 2016 Supp. 28-172a(d) to the district court. See *State v. Lopez*, 36 Kan. App. 2d 723, 727, 143 P.3d 695 (2006).

In summary, we vacate those portions of the journal entry of sentencing relating to the reimbursement of BIDS attorney fees and the reimbursement of expenses to the Saline County Attorney. We remand these issues to the district court for further consideration consistent with this opinion. Nothing in this opinion shall be construed to modify the journal entry of sentencing in any other way.

Vacated in part and remanded with instructions.