NOT DESIGNATED FOR PUBLICATION

No. 117,749

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIO J. COLLINS SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN and STEPHEN J. TERNES, judges. Opinion filed July 6, 2018. Affirmed in part and vacated in part.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.

PER CURIAM: Mario J. Collins Sr. appeals the presentencing denial of his motion to withdraw his no-contest plea to charges of aggravated battery and aggravated intimidation of a witness. Although his presumptive sentence was prison, not probation, Collins argued that his attorney had told him that he knew the sentencing judge and it was highly likely he'd get probation. Collins also said the attorney told him that he'd be released before sentencing to spend the holidays with his family. Collins moved to set aside the plea when the district court denied his request to be released from custody before sentencing.

But despite Collins' allegations, the district court heard testimony from both Collins and his trial attorney. And the court found his attorney's testimony at the motion hearing more credible than Collins' testimony. Because it is not the function of this court to reweigh credibility determinations, we find no error in the district court's denial of Collins' motion to withdraw his plea.

Collins also raises two objections to the district court's sentencing orders that the State concedes are correct: The sentencing court erred when it imposed a no-contact order after imposing a prison sentence and by ordering Collins to pay the costs of a sexual-assault exam unrelated to the crimes for which Collins was convicted. We therefore vacate those parts of the sentencing orders.

FACTUAL AND PROCEDURAL BACKGROUND

The State initially charged Collins with aggravated battery, a severity-level-7 person felony; criminal restraint, a class A person misdemeanor; the alternative counts of aggravated criminal sodomy, a severity-level-1 person felony, or aggravated sexual battery, a severity-level-5 person felony; and 10 counts of violation of a protective order, a class A person misdemeanor. He and the State entered into a plea agreement. Collins agreed to plead no contest to the amended counts of aggravated battery, a severity-level-4 person felony, and aggravated intimidation of a witness, a severity-level-6 person felony. (Felony offenses have severity levels ranging from level 1, the most serious, to level 10, the least serious.) Under the agreement, the State would recommend a prison sentence, the presumptive disposition under sentencing guidelines, but Collins remained free to argue for a dispositional departure to probation. Both parties agreed to recommend the aggravated number (the highest of three potential numbers) in the grid box for the sentencing guidelines and that the sentences on each count should be consecutive to one another.

2

The court held a hearing to determine whether to accept the plea on November 8, 2016. The court asked Collins if he had any questions or concerns about the plea agreement. Collins responded, "No, I just want probation." The court then explained that Collins would be sentenced by a different judge and that the State would be recommending prison, the presumptive sentence. Collins said that he understood that the State would be recommending prison. The court also explained that the sentencing court could impose any legal sentence including prison and went into an in-depth discussion of the possible sentences. Collins again said that he understood. The court accepted his pleas of no-contest to both charges.

On November 21, 2016, Collins moved the court to review the requirements for pretrial release on bond, specifically to authorize his release on his own recognizance with supervision by pretrial services. The court denied the motion, citing community-safety concerns, that this was a presumed prison case, and that Collins was a flight risk.

Collins then filed a motion to withdraw the pleas. He alleged that (1) his attorney promised probation, stating he knew the judge, and (2) his attorney told him that he would get 10 years in jail for the witness intimidation charges if he went to trial. Collins said he felt "coerced" and "swindled" into taking the plea deal.

The district court then held an evidentiary hearing on the motion. Both Collins and the attorney who represented him in getting the plea agreement, Joshua Wright, testified.

Collins testified that Wright had received two plea offers from the State. Under the first offer, Collins would have pleaded to aggravated battery and sodomy. Collins rejected that offer. The second plea offer replaced the sodomy charge with a witness-intimidation charge. Under that offer, Collins would not have to register as a sex offender. Collins accepted the second offer.

But Collins testified he did not want to accept the plea deal. He said that Wright told him he was guilty of the 10 misdemeanor charges and that if he went to trial and was acquitted of the felony charges, he would still get 10 years in jail—1 year for each witness-intimidation charge. Collins testified that Wright told him he knew the sentencing judge and that if he took the plea "we'll argue for probation, nine times out of ten we're going to get probation." He said Wright told him that if he signed the plea agreement he would get out on pretrial services and be home for the holidays.

In his testimony, Collins did acknowledge that the plea agreement said that the State would recommend the legal presumptive sentence of prison. He said he accepted the plea offer because he feared serving 10 years in jail for the misdemeanor counts and because Wright said he knew the sentencing judge and 9 times out of 10 the judge gives probation. Collins said he would not have accepted the plea offer otherwise.

Wright's testimony differed in significant ways. Wright testified he did not "handicap" Collins' odds of getting probation. He said he told Collins that the sentencing judge was a fair judge and that Collins would be free to request probation. But Wright said he did not guarantee an outcome. He testified that he did not have a conversation with Collins about doing 10 years for the 10 counts of witness intimidation.

Wright said he explained to Collins that the State had amended the complaint to include the additional witness-intimidation counts. Wright said he told Collins that he could be acquitted of the more serious charges but still convicted of the misdemeanors and serve a jail term, but Wright said he did not tell Collins that it *would* happen. Wright said he did not tell Collins that he would be home for the holidays, only that Wright would file a motion seeking that. Wright characterized Collins as having been on the fence about accepting the plea agreement.

4

The court found that Collins' testimony was not credible and denied the motion. The court read portions of the plea-hearing transcript into the record, finding that it contradicted the testimony of Collins at the motion hearing. The court supposed that Collins made the allegations in his plea-withdrawl motion because, after the sentencing judge denied his motion to modify his bond conditions, Collins believed the sentencing judge would sentence him to prison rather than probation. The court's factual findings mirrored the testimony of Wright over Collins. The court found that Wright did not tell Collins that he would get probation or handicap his odds of getting probation. The court found that Wright never promised Collins probation; that Wright never said that 9 out of 10 times the court would give probation on a case like this; and that Wright merely told Collins that the sentencing judge was fair. As for the misdemeanor witness-intimidation counts, the court found that Wright had merely explained, through an anecdotal story, that these counts exposed him to a possible jail sentence. The court went through the legal factors that must be considered in determining whether to grant a plea withdrawal and found no good cause had been shown to do so.

Before sentencing, Collins did move for a dispositional departure to probation. The sentencing court denied that motion. Ultimately, the district court sentenced Collins to a total prison term of 71 months. The court also ordered Collins to have no contact with the victim and to pay a $725 fee related to a sexual-assault kit and exam.

Collins then appealed to our court.

ANALYSIS

*I. The District Court Did Not Abuse Its Discretion by Denying Collins' Motion to Withdraw His No-Contest Pleas.*

Collins claims the district court abused its discretion by denying Collins' motion to withdraw his no-contest pleas to the two charges. He claims he was misled and coerced into accepting a plea by Wright's statements that (1) Wright knew the sentencing judge and 9 times out of 10 the judge grants probation and (2) Collins would serve 10 years in jail for the witness-intimidation charges.

To provide due process to a criminal defendant, a guilty plea must be knowing and voluntary. *State v. Beauclair*, 281 Kan. 230, 237, 130 P.3d 40 (2006). Before sentencing, a plea may be withdrawn within the discretion of the court for good cause shown. K.S.A. 2017 Supp. 22-3210(d)(1). Three factors generally guide a district court's consideration whether a defendant has demonstrated good cause: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

On appeal, the defendant must establish that the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A judicial action constitutes an abuse of discretion if (1) the action is based on an error of law or fact or (2) no reasonable person would take the view adopted by the trial court. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). When

evidence is heard by the trial court, that court makes the factual findings—appellate courts do not reweigh the evidence or pass on the credibility of witnesses. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). Instead, we review the district court's factual findings to make sure they are supported by substantial evidence. If they are, we must accept them. 291 Kan. at 855.

Collins argues that Wright's testimony at the motion hearing did not directly contradict his own and that his perception, not Wright's, should be the key factor. But Wright's testimony at the motion hearing did directly contradict many of Collins' contentions.

As the district court found, Wright testified that he knew the sentencing judge would be fair, but he did not say that 9 times out of 10 the judge would give probation. Wright also testified that he did not say that Collins would serve 10 years in jail for the witness-intimidation charges. Instead, Wright explained that the potential consequences more generally—that Collins could face a jail term for the witness-intimidation charges.

To decide in favor of Collins, we would have to reweigh the district court's credibility determination. But we do not review credibility determinations—the district court, not us, heard the witnesses directly. And here, the same judge presided over both Collins' plea hearing and the hearing on his motion to withdraw the pleas. The district court had an opportunity to question Collins and to observe his demeanor at the plea hearing. Based on its observations and the testimony, the court outlined reasons for its determination that Collins was not a credible witness, including the court's discussion with Collins at the plea hearing.

Collins has not shown that the district court's decision was unreasonable or based on an error of fact or law. The district court did not abuse its discretion in denying Collins' motion to withdraw his pleas.

*II. The District Court's No-Contact Order and Its Order That Collins Pay the Cost of a Sexual-Assault Kit and Exam Were in Error and Must Be Vacated.*

Collins next objects to two aspects of the district court's sentencing orders. The State concedes that the district court erred on both.

First, Collins contends that the district court imposed an illegal sentence when it issued a no-contact order after sentencing Collins to prison. Collins' position is squarely based on controlling caselaw: The Kansas Supreme Court has held that "[i]t is inappropriate to combine a no-contact order with a prison sentence because to do so exceeds sentencing court's authority under K.S.A. 2014 Supp. 21-6604(a)." *State v. Alcala*, 301 Kan. 832, 835, 348 P.3d 570 (2015).

A no-contact order is a probation condition and cannot be combined with a prison sentence. "'The appropriate remedy is to vacate the no-contact order but leave the remainder of the sentence intact.'" 301 Kan. at 835. We therefore must vacate the no-contact order.

Second, Collins contends that the district court erred in ordering Collins to pay for the costs of the sexual-assault kit and exam because the costs were not related to Collins' crimes of conviction. Instead, they were related to the sodomy and sexual-battery charges, and he didn't plead no-contest or guilty to those offenses and wasn't convicted of them.

Once again, Collins' position is squarely based on caselaw: Our court has held the district court cannot order a defendant to pay costs and expenses unrelated to prosecuting the crimes of conviction. *State v. Lopez*, 36 Kan. App. 2d 723, 728, 143 P.3d 695 (2006); *State v. Richmond*, No. 98,790, 2008 WL 4849342, at *2-3 (Kan. App. 2008)

(unpublished opinion). We therefore must vacate the court's order for Collins to pay the costs of the sexual-assault kit and exam.

In sum, we vacate the sentencing court's no-contact order and its order that Collins pay $725 for the sexual-assault kit and exam. In all other respects, we affirm the district court's judgment.