NOT DESIGNATED FOR PUBLICATION

No. 125,554

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CONNER B. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed November 17, 2023. Affirmed in part, vacated in part, and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., MALONE and WARNER, JJ.

PER CURIAM: After entering into a plea agreement, Conner B. Walker was convicted of one count of aggravated sexual battery. As part of his sentence, the district court imposed lifetime postrelease supervision and, as part of the court fees, assessed $725 for the victim's sexual assault kit and exam fee. Walker appeals, arguing that the district court erred by engaging in extrajudicial fact-finding to impose lifetime postrelease supervision in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He also claims that the district court erred because it failed to approve the $725 fee before simply including it in the journal entry. But because

1

Walker admitted his age multiple times in the record, we find no *Apprendi* violation and affirm the district court's imposition of lifetime postrelease supervision. However, because the district court erred by imposing the $725 fee in the journal entry without prior approval, we vacate the fee award and remand for preparation of a corrected order.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2021, the State of Kansas charged Walker with one count of aggravated sexual battery under K.S.A. 2021 Supp. 21-5505(b)(3) or, in the alternative, one count of aggravated sexual battery under K.S.A. 2021 Supp. 21-5505(b)(2). Walker eventually entered into a plea agreement with the State, and on June 15, 2022, he entered a guilty plea to aggravated sexual battery under K.S.A. 2021 Supp. 21-5505(b)(3). In return, the State agreed to drop the alternative charge.

In preparation for the plea hearing, Walker signed an acknowledgment of rights and entry of plea which indicated that the sentencing range for the crime to which he intended to plead guilty would include 31 months to 136 months' imprisonment and 24 months' postrelease supervision. But the written plea agreement included a provision outlining: "This is a case requiring lifetime post-release supervision per [K.S.A.] 22-3717(d)(1)(G) [and] (d)(5)." The State also read the plea agreement into the record at the plea hearing, reciting that Walker acknowledged "this case requires lifetime post-release pursuant to statute." Then, during the same plea hearing, the district court notified Walker as follows regarding his sentence:

> "THE COURT:  As far as the potential range depending on your criminal history—and it does indicate that the parties expect your criminal history to be I, which is the most favorable. There is a range for a Severity Level 5, person felony of between 31 months and 136 months in prison. Do you understand that?
> "[WALKER]:  Yes, sir.

"THE COURT: Do you also understand that does carry potentially a maximum fine of $200,000 and *post-release supervision of 24 months*. Do you understand that?

"[WALKER]: Yes, sir." (Emphasis added.)

The district court accepted the plea agreement and found Walker guilty of one count of aggravated sexual battery under K.S.A. 2021 Supp. 21-5505(b)(3). Prior to sentencing, Walker filed a motion for downward departure. Among his arguments in that motion, Walker acknowledged the term of supervision, which stated: "To alleviate concerns of public safety, Defendant is already subject to registration and lifetime post-release supervision." At the sentencing hearing, the district court denied the downward departure motion and sentenced Walker to 31 months' imprisonment, the low number in the sentencing guideline in accordance with the plea agreement, and imposed a lifetime postrelease supervision period.

During the sentencing hearing, the court also imposed what it called "the standard court costs" without specifying the included fees. The journal entry of judgment later itemized the court costs imposed, including $725 for a "Sexual Assault Kit/Exam Fee."

Walker appeals.

### DID THE DISTRICT COURT ERR BY SENTENCING WALKER TO LIFETIME POSTRELEASE SUPERVISION?

Walker argues for the first time on appeal that the lifetime postrelease supervision portion of his sentence is unconstitutional under *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Walker maintains it was improper for the district court to find he was 18 years old or older when he committed the crime because he did not waive the right to have his age proven to a jury beyond a reasonable doubt.

3

*Applicable Legal Standards*

Whether a district court violates a defendant's constitutional rights at sentencing as described under *Apprendi* raises a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017). To the extent that resolving this question requires interpretation of any statutes, this also presents a question of law subject to unlimited review. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

The district court sentenced Walker to postrelease supervision under K.S.A. 2021 Supp. 22-3717(d)(1)(G), which states in pertinent part:

"(i) Except as provided in subsection (u), persons sentenced to imprisonment for a sexually violent crime committed on or after July 1, 2006, *when the offender was 18 years of age or older*, and who are released from prison, shall be released to a mandatory period of *postrelease supervision for the duration of the person's natural life*.

"(ii) Persons sentenced to imprisonment for a sexually violent crime committed on or after the effective date of this act, *when the offender was under 18 years of age*, and who are released from prison, shall be released to a mandatory period of *postrelease supervision for 60 months*, plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 21-6821, and amendments thereto." (Emphases added.)

And Walker was convicted of aggravated sexual battery, which is statutorily defined as a sexually violent crime by K.S.A. 2021 Supp. 22-3717(d)(5)(I); therefore, the postrelease supervision provisions of K.S.A. 2021 Supp. 22-3717(d)(1)(G) were appropriately applied to Walker's sentence.

4

*Preservation*

As a threshold issue, we must address whether this claim is appropriately before us for review. Walker concedes that he did not raise the *Apprendi* challenge in the district court although the State raises no preservation issue.

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). The courts have recognized three exceptions to this rule: (1) The newly-asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) resolution of the question is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Walker argues both the legal question exception and the fundamental rights exception apply.

As an appellate court, our decision to review an unpreserved claim under the exceptions presented by Walker is a prudential one, and even if one of the exceptions were satisfied, we are under no obligation to review the newly asserted claim. *State v. Robison*, 314 Kan. 245, 248, 496 P.3d 892 (2021); see also *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) (declining to reach an unpreserved claim and finding the failure to present the argument to the district court "deprived the trial judge of the opportunity to address the issue in the context of this case and such an analysis would have benefitted our review").

But as Walker points out, our Supreme Court and other panels of this court have repeatedly reviewed *Apprendi* challenges regarding the length of postrelease supervision for the first time on appeal. See *State v. Anthony*, 273 Kan. 726, 45 P.3d 852 (2002); *State v. Nunez*, No. 125,141, 2023 WL 6172190, at *14 (Kan. App. 2023) (unpublished opinion); *State v. Entsminger*, No. 124,800, 2023 WL 2467058, at *6 (Kan. App. 2023)

(unpublished opinion), *petition for rev. filed* April 10, 2023; *State v. Reinert*, No. 123,341, 2022 WL 1051976, at *2 (Kan. App. 2022) (unpublished opinion), *rev. denied* 316 Kan. 762 (2022); *State v. Schmeal*, No. 121,221, 2020 WL 3885631, at *8-9 (Kan. App. 2020) (unpublished opinion); *State v. Cook*, No. 119,715, 2019 WL 3756188, at *1-3 (Kan. App. 2019) (unpublished opinion). Exercising our discretion, we likewise reach the merits of Walker's claim.

*The District Court Did Not Engage in Improper Fact-Finding*

Walker argues the district court engaged in improper fact-finding when it found he was over 18 years old without submitting the question to a jury. The State counters that multiple court documents, including the plea agreement, clearly state Walker's birth date or his age, and Walker even orally admitted his age at the plea hearing. The State notes that other panels of this court have found no *Apprendi* violation under similar circumstances.

Our own Supreme Court has previously determined that the statute allowing the district court to impose an extended period of postrelease supervision after a defendant is convicted of a sexually violent crime does not violate *Apprendi*. See *State v. Walker*, 275 Kan. 46, 51, 60 P.3d 937 (2003). And, the United States Supreme Court has recognized that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The United States Supreme Court also clarified an exception to the *Apprendi* rule when the defendant admits to facts. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

With these cases as a backdrop, several panels of this court have previously addressed the precise issue Walker presents. In *Cook*, much like here, the defendant

6

claimed that the district court committed an *Apprendi* violation because his age was not submitted to a jury before the court imposed lifetime postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(G). There, the record showed that the charging and plea documents both disclosed Cook's age and Cook likewise admitted his age—29 years old—during the plea hearing. The *Cook* court rejected his argument and affirmed the district court, holding that facts Cook admitted to could elevate a sentence without violating *Apprendi*. *Cook*, 2019 WL 3756188, at *2 (citing *Blakely*, 542 U.S. at 303).

Very similar to *Cook*, this court in *State v. Zapata*, No. 120,529, 2020 WL 741486, at *5 (Kan. App. 2020) (unpublished opinion), denied the very same *Apprendi* challenge because Zapata acknowledged he was 22 years old on several documents before his guilty plea. The *Zapata* court found the district court had undisputed evidence that Zapata was over the age of 18 at the time of the crime. 2020 WL 741486, at *5.

A panel of this court again visited this issue in *Schmeal*. There, Schmeal pleaded no contest to aggravated indecent liberties with a child and was sentenced to lifetime postrelease supervision. Schmeal admitted he was 19 years old on both his plea agreement and his financial affidavit for appointed defense services. At the plea hearing, the State mentioned his age in its factual basis recitation and Schmeal affirmed that the State's facts were true. On appeal, though, Schmeal challenged the district court's finding of his age under *Apprendi*. But because he repeatedly admitted his age before the district court imposed lifetime postrelease supervision, the panel held that the district court did not violate Schmeal's *Apprendi* rights. *Schmeal*, 2020 WL 3885631, at *9.

More recently, another panel of this court fell in line with *Schmeal*, *Zapata*, and *Cook*, holding that the "admissions [of the defendant's age] to the district court were enough to enable the court to properly sentence him to lifetime postrelease supervision under the applicable statute." *Reinert*, 2022 WL 1051976, at *3. There, this court noted that the defendant admitted to his age several times before and after his guilty plea,

7

including in his motion for departure; during the sentencing hearing; and he did not object to the presentence investigation report, which listed his age as 25. 2022 WL 1051976, at *3. And later, in *Entsminger*, a panel of this court recited the United States Supreme Court holdings in *Booker* and *Blakely*, affirming that the defendant's own admission of the facts—in this case, the defendant's age—is an exception to the general rule in *Apprendi*. *Entsminger*, 2023 WL 2467058, at *6.

Although we are not bound by unpublished decisions of this court, these cases are persuasive, and we agree with the reasoning underlying those decisions. Walker's circumstances are analogous to those found in the cases mentioned above in that he admitted to his age numerous times in the district court record. First, Walker acknowledged that he was 19 years old in his signed financial affidavit. See *State v. Haynes*, No. 120,533, 2020 WL 741458, at *2-3 (Kan. App. 2020) (unpublished opinion) (finding admission of age in financial affidavit). Walker then stated in the acknowledgment of rights and entry of plea that he was 20 years old at the time he signed the agreement. Walker also attested that he was over the age of 18 at the time of the offense in the written plea agreement. Finally, Walker orally affirmed that he was 20 years old during both the plea hearing and his sentencing hearing. He did not raise a challenge regarding his age at any time during the proceedings.

Although Walker attempts to rely on other Kansas Supreme Court cases to support his argument, we find those arguments unpersuasive. For example, he relies on *State v. Bello*, 289 Kan. 191, 199-200, 211 P.3d 139 (2009), where our Supreme Court found that *Apprendi* required the vacation of life sentences imposed under Jessica's Law when neither the complaint nor jury instructions included a determination of the defendant's age. But even the *Bello* court recognized the *Blakely* holding that facts admitted by a defendant may serve as the basis for elevating a sentence. *Bello*, 289 Kan. at 199 (citing *Blakely*, 542 U.S. at 303-04). And here, as outlined, Walker freely admitted to his age at numerous points in the proceedings.

Walker also argues on appeal that because he was given conflicting information regarding the potential postrelease supervision term, he could not have knowingly waived his right to have his age proven to a jury. Walker contends his admissions to his age does not matter because any waiver was not procured as required by *Blakely*. No doubt, Walker is correct to the extent that the information given to him regarding postrelease supervision was initially conflicting. As recounted above, first, the defendant's acknowledgment of rights and entry of plea provided Walker would be subject to 24 months' postrelease supervision. The same was true during the plea hearing, where the district judge asked, "Do you also understand that does carry potentially a maximum fine of $200,000 and post-release supervision of 24 months[?]" But, during the same hearing, the State recited aloud the plea agreement stating that the case required a term of lifetime postrelease supervision. The same was reflected in the written plea agreement signed by Walker: "This is a case requiring lifetime post-release supervision per [K.S.A.] 22-3717(d)(1)(G) [and] (d)(5)." Then, in Walker's own motion for departure, he acknowledged that he would be subject to lifetime postrelease supervision.

Walker relies on *Blakely*—the source of the "admitted facts" exception to *Apprendi*—to argue that the district court could not have relied on his self-confessed age notations in the record because he was confused about the potential supervision period and so the appropriate waiver was not procured. Yet, as discussed above, Walker admitted to his age so no extrajudicial fact-finding was necessary, thus no waiver was needed. And, at no time did Walker seek clarification of the term of his postrelease supervision from the district court. Walker's claim that he could not have made a knowing or voluntary waiver due to his confusion is not supported by any evidence—in fact, the record belies this claim. Most importantly, whether Walker was confused about the potential length of his postrelease supervision is a question of fact, which this court must refrain from addressing for the first time on appeal. To consider such an argument would require us to consider factual development outside the record but "[f]act-finding is

9

simply not the role of the appellate courts." *State v. Nelson*, 291 Kan. 475, 488, 243 P.3d 343 (2010) (citing *State v. Thomas*, 288 Kan. 157, 161, 199 P.3d 1265 [2009]).

Walker's final *Apprendi* argument reasons that the violation of his right to have a jury determine his age cannot amount to a harmless error. He asserts that the State cannot meet the burden of showing that the error complained of will not or did not affect the outcome beyond a reasonable doubt. The State counters that even if this court finds an *Apprendi* violation, the error is harmless.

Here, we find no error, and therefore need not determine whether any fictional error would be harmless. Other panels of our court have examined whether, even finding no *Apprendi* violation, an alleged error would be harmless and found as much. See *Nunez*, 2023 WL 6172190, at *16 (finding any *Apprendi*-type error was harmless); *Schmeal*, 2020 WL 3885631, at *10-11 (recognizing that while an *Apprendi* violation implicates harmless error review, this violation does not automatically require reversal as a structural error, and unless the record contained evidence that could lead to a contrary finding on the defendant's age, the error could be held harmless). As in both *Nunez* and *Schmeal*, the record before us contains multiple admissions by Walker that he was at least 18 years old at the time the crime was committed, which lend themselves to a finding of harmless error. But we need not go this far.

Again, the United States Supreme Court's holding under *Apprendi* is that the judge may impose the maximum sentence solely based on the facts reflected in the jury verdict *or facts admitted by the defendant*. *Booker*, 543 U.S. at 244; *Blakely*, 542 U.S. at 303. It is immaterial whether Walker waived his rights under *Apprendi* for a jury to prove his age—an admission of the facts by the defendant is equally satisfactory under *Apprendi*. The record is evident that Walker admitted his age multiple times clearly establishing he was 18 years old or older. Based on those admitted facts, the district court's decision did not violate his rights under *Apprendi*. See *Entsminger*, 2023 WL 2467058, at *7;

10

*Schmeal*, 2020 WL 3885631, at *9. As a result, we affirm the district court's imposition of a lifetime postrelease supervision term.

## DID THE DISTRICT COURT ERR BY IMPOSING EXAM FEES THAT WERE NOT PREVIOUSLY APPROVED?

Walker's last issue on appeal challenges the district court order imposing $725 in fees for a "Sexual Assault Kit/Exam." This fee was not mentioned in the plea agreement, the presentence investigation report, or at either of Walker's plea or sentencing hearings. He argues that because this fee was not approved by the court during the sentencing hearing but was first assessed in the journal entry, the district court erred in imposing the $725 fee. The State concedes that Walker "appears to be correct" and that there seems to be no authority for imposing this fee through the journal entry alone.

*Applicable Legal Standards*

Whether or not a district court may impose fees is authorized by statute under K.S.A. 28-172a(d). A question of statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). But to the extent that the trial court has discretion in an award for costs and expenses, this court reviews for an abuse of discretion. *State v. Lopez*, 36 Kan. App. 2d 723, 726-27, 143 P.3d 695 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

*The District Court Erred in Imposing the $725 Fee*

K.S.A. 22-3801(a) requires a trial court to impose liability for court costs if the defendant in a criminal case is convicted. The statute outlines that "the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may

11

be enforced as judgments for payment of money in civil cases." K.S.A. 22-3801(a). As both parties acknowledge on appeal, a district court has the authority to impose various fees associated with the criminal proceedings under K.S.A. 28-172a. Under this statute, "[a]ll other fees and expenses to be assessed as additional court costs *shall be approved* by the court, unless specifically fixed by statute." (Emphasis added.) K.S.A. 28-172a(d); see also *State v. Alvarez*, 309 Kan. 203, 208, 432 P.3d 1015 (2019) (holding that other fees to be assessed as court costs needed to be approved by the district court before they were taxed). According to K.S.A. 28-172a(d): "Additional fees shall include, but are not limited to . . . fees for the sexual assault evidence collection kit, [and] fees for conducting an examination of a sexual assault victim." So, although such sexual assault kit and exam fees are permissible under K.S.A. 28-172a(d), they must be approved by the court unless fixed by statute. But no Kansas statute specifically fixes a "Sexual Assault Kit/Exam Fee" in the amount of $725.

Here, the district court imposed a $725 fee in the journal entry after failing to pronounce or discuss it during the sentencing hearing. At sentencing, the district court merely imposed "standard court costs." Thus, it is evident that the district court failed to approve a sexual assault kit exam fee of $725 as required by statute. As a result, we find that the district court abused its discretion because its decision to impose the additional fee in the journal entry without first approving it was based on an error of law.

Thus, the district court erred by imposing a "Sexual Assault Kit/Exam Fee" of $725 without first approving it as required by statute. As a result, we vacate the improperly assessed fee of $725 and remand for a nunc pro tunc order correcting the assessed fees.

Affirmed in part, vacated in part, and remanded with directions.