NOT DESIGNATED FOR PUBLICATION

No. 128,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WYATT VERN VAN-ROYEN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ANDREA PURVIS, judge. Submitted without oral argument. Opinion filed March 20, 2026. Vacated and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before PICKERING, P.J., CLINE, J., and CAREY L. HIPP, District Judge, assigned.


PER CURIAM: Wyatt Vern Van-Royen appeals his sentence for attempted robbery and criminal threat, challenging only the imposition of certain costs and fees in the journal entry that the district court did not articulate and approve on the record at his sentencing. The State concedes the error; thus, we vacate and remand with directions.

1

The underlying facts of Van-Royen's convictions are immaterial to this appeal given Van-Royen only appeals the imposition of certain fees and costs. The only salient facts concern what the district court said at sentencing and what later appeared in the journal entry.

At sentencing, the district court stated:

> "I will impose the ordinary costs and fees in this case, as well as a $100 BIDS administration fee. Attorney's fees will be waived as the defendant will be in custody for the near future.
> "I will impose extradition costs of $2,904.85. In my mind, those go with the ordinary costs and fees in this case, but those will be imposed as well."

The district court made no mention of witness fees or bond forfeiture alias warrant (BFAW) fees. Yet the journal entry imposed the following: court costs ($195), DNA database fee ($200), extradition costs ($2,904.85), BIDS application fee ($100), booking/fingerprint fee ($33), witness fees ($10), and BFAW fees ($96.50).

ANALYSIS

*Preservation*

Van-Royen did not object to the witness fees or the BFAW fees at sentencing; however, he had no opportunity to do so. At sentencing, the district court approved only "ordinary costs and fees," and the witness and BFAW fees appeared only in the journal entry. "Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made." K.S.A. 60-246; *State v. Gonzalez*, 307 Kan. 575, 591, 412 P.3d 968 (2018).

*Standard of Review*

K.S.A. 28-172a(d) authorizes when a district court may impose fees. Statutory interpretation is a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). We review the extent to which the district court has discretion to award court costs and expenses for an abuse of discretion. *State v. Lopez*, 36 Kan. App. 2d 723, 726-27, 143 P.3d 695 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

Upon criminal conviction, court costs "shall be taxed against the defendant." K.S.A. 22-3801(a). K.S.A. 28-172a sets out the fees that may be assessed in criminal proceedings. Subsection (d) provides: "All other fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute." K.S.A. 28-172a(d).

The Kansas Supreme Court has previously interpreted this statutory provision to hold that "docket fees and other costs that are specifically fixed by statute must be taxed against the defendant, but that other fees to be assessed as court costs need to be approved by the district court before they are taxed." *State v. Alvarez*, 309 Kan. 203, 208, 432 P.3d 1015 (2019). Put another way, although docket fees and other costs specifically fixed by statute are mandatory, other fees and costs may be assessed at the district court's discretion only so long as the district court first finds that those costs bear a reasonable relation to the defendant's prosecution. 309 Kan. at 208.

Here, the district court imposed "ordinary costs and fees" at sentencing, with no mention of witness fees or BFAW fees. Those fees appeared only in the journal entry. The State concedes that K.S.A. 22-3801(a) and K.S.A. 28-172a control and the district

3

court did not make proper findings that would allow it to impose these fees. We therefore vacate the witness and BFAW fees and remand with instructions for the district court to make on-record findings regarding whether these fees bear a reasonable relation to the prosecution before imposing them.

Vacated and remanded with directions.